UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EDUARD GALPER

                        Plaintiff,

TLC DIAGNOSTICS, LLC.,
d/b/a A-1 HEART MONITORING, LLC.,
and JOHN LAROSA,

                        Defendants.
------------------------------------------------------------X

Civ No:

**COMPLAINT**

Plaintiff EDUARD GALPER ("Plaintiff") by and through his attorneys, upon personal knowledge as to himself and his own acts, and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiff seeks unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

2. Plaintiff also brings this action, to remedy violations of the New York State Labor Law, including N.Y. Lab. L. §§ 190 et seq., §§ 650 et seq. ("NYLL"), and 12 NYCRR § 142-2.2. Plaintiff seeks unpaid wages, unpaid overtime, unlawful deductions, statutory damages, interest, reasonable attorneys' fees and costs, liquidated and other damages, and all other appropriate legal and equitable relief, pursuant to the NYLL §§ 193, 198, 663.

1

## JURISDICTION AND VENUE

3. Jurisdiction of the Court over Plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. § 216(b), 29 U.S.C. § 201 and 28 U.S.C. § 1331.

4. Jurisdiction of this Court over Plaintiff's NYLL claims is invoked pursuant to 28 U.S.C. § 1367(a) in that the NYLL claims are so related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

5. Venue is proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District. Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because Defendants may be found in this District.

## PARTIES

6. Plaintiff EDUARD GALPER ("Plaintiff") resides in the County of Kings in the State of New York. At all relevant times, Plaintiff was employed by Defendants as a technician, as described herein, beginning from in or around December 25, 2014 until in or around December 30, 2016.

7. Plaintiff's written consent to sue is attached hereto as Exhibit "A"

8. Defendant TLC DIAGNOSTICS, LLC d/b/a A-1 HEART MONITORING, LLC ("Defendant TLC") is a New York State domestic corporation licensed to do business in the State of New York, with its principal office and place of business at 361 Atlantic Avenue, East Rockaway, NY, 11518.

9. Defendant JOHN LAROSA ("Defendant Larosa") is the manager and/or operator of Defendant TLC. Defendant Larosa has, and at all relevant times had, and

exercised, the power to hire, fire, and control the wages and working conditions of the Plaintiff.

10. Defendant Larosa is the manager and/or operator of Defendant TLC. Defendant Larosa has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of the Plaintiff.

11. Defendants TLC DIAGNOSTICS, LLC. d/b/a A-1 HEART MONITORING, LLC., and JOHN LAROSA are herein collectively referred to as "Defendants".

12. In order to ascertain the identification of additional shareholders that may be subject to liability under BCL § 630 of the Business Corporation Law, Plaintiff hereby demands an examination of the record of shareholders under paragraph (b) of Section 624 of the BCL.

13. Defendants grossed more than $500,000.00 in each of the last six calendar years.

14. At all relevant times, Defendants have been, and continue to be an "employer" engaged in interstate "commerce" and/or in the "production of goods" for "commerce", within the meaning of 29 U.S.C. § 203 and the NYLL. At all relevant times, Defendants has employed "employee[s]", including Plaintiff.

## FACTUAL ALLEGATIONS

15. Defendants supply equipment along with certified technicians needed to administer diagnostic procedures throughout the Tri-State area.

16. At all times relevant hereto, Defendants employed Plaintiff as a technician.

3

17. Defendants scheduled the Plaintiff to work- and Plaintiff worked- an average of 55 to 60 hours per workweek.

18. The Plaintiff was paid between $12 and $15 an hour at a straight rate of pay for some but not all hours worked.

19. Defendants did not pay Plaintiff an overtime premium for all hours worked in excess of 40 hours per work week as required by the FLSA.

20. Defendants failed to pay Plaintiff the required overtime premiums of one and one half times his regular hourly rates of pay for all of the hours they worked in excess of 40 hours per week.

21. For example, for the time period from May 12, 2016 through May 25, 2016, Plaintiff worked a total of 150 hours, and the Defendants failed to compensate the Plaintiff $1,050.00 of regular wages, and $525.00 of overtime wages for 70 overtime hours worked by the Plaintiff.

22. Defendants knowingly and willfully operated their business with a policy of not paying the FLSA overtime pay to the Plaintiff.

23. Moreover, Defendants required Plaintiff to utilize his personal vehicle (Nissan Altima and/or Nissan Sentra) for Defendants' business purposes.

24. Defendants enforced a plan and policy to reimburse Plaintiff for only 80% of the money spent on gas expenses for Defendants' business purposes.

25. Defendants plan and policy with regard to gas expense reimbursements does not comply with NYLL and IRS regulations.

26. Defendants violated NYLL § 195(3) by failing to furnish Plaintiff with a statement with every payment of wages, listing, among other things, hours worked, rates

paid, gross wages, deductions and net wages, and an explanation of how such wages were computed.

27. Defendants failed to provide Plaintiff with the notices required by NYLL §195(1).

28. Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiff was not paid regular and overtime wages for all hours worked. Defendants knew that the nonpayment of regular and overtime wages would economically injure Plaintiff and that they violated the FLSA and the NYLL.

29. Defendants committed the foregoing acts knowingly, intentionally and willfully against the Plaintiff.

## FIRST CLAIM FOR RELIEF
### (Failure to Pay Overtime Wages – FLSA)

30. Plaintiff realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

31. Throughout the statute of limitations period covered by these claims, Plaintiff worked in excess of forty (40) hours per workweek.

32. At all relevant times, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiff the required overtime rates for hours worked in excess of forty (40) hours per workweek.

33. Plaintiff seeks damages in the amount of his respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

5

34. Because Defendants' violations of the FLSA have been willful, the three-year statute of limitations pursuant to 29 U.S.C. § 255 should be equitably tolled for, at the very least, the six-year NYLL statute of limitations period.

**SECOND CLAIM FOR RELIEF**

**(Failure to Pay Wages & Overtime Wages – NYLL)**

35. Plaintiff, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

36. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

37. It is unlawful under New York law for an employer to suffer or permit an employee to work without compensation for all hours worked.

38. Defendant willfully, regularly, repeatedly and knowingly failed to pay Plaintiff at the required overtime rates for all hours worked in excess of forty (40) hours per workweek.

39. At all relevant times, Defendant willfully, regularly, repeatedly and knowingly failed to pay Plaintiff for all hours worked at his regular rate of pay and at the required overtime rate for all hours worked in excess of forty (40) hours per workweek.

40. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings, in an amount to be established at trial.

41. Plaintiff, seeks damages in the amount of their respective unpaid wages, overtime compensation, liquidated damages, prejudgment interest, attorneys' fees and costs, pursuant to NYLL, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CAUSE OF ACTION
### (Violation of the Unauthorized Deduction Provisions Of The NYLL)

42. Plaintiff realleges and incorporates by reference all previous paragraphs.

43. Defendants made unauthorized deductions from Plaintiff's wages and/or expenses in violation of NYLL § 193.

44. Plaintiff was damaged in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF
### (Notice Violations & Wage Statement Violations – NYLL §195)

45. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth again herein.

46. Defendants failed to supply Plaintiff with notice as required by NYLL § 195, in English or in the languages identified as his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business,

and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

47. Defendants willfully failed to supply Plaintiff with an accurate statement of wages as required by NYLL § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

48. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover damages and/or statutory penalties from Defendants, as provided for by NYLL § 198, as well as reasonable attorneys' fees, costs, injunctive and declaratory relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for relief as follows:

(a) An award of damages, according to proof, including FLSA and NYLL liquidated damages, interest, and statutory damages to be paid by Defendants;

(b) Costs of action incurred herein, including expert fees;

(c) Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 663, 198 and other applicable statutes;

(d) Pre-Judgment and post-judgment interest, as provided by law; and

(e) Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: March 23, 2017

Respectfully submitted,

NAYDENSKIY LAW GROUP, P.C.

_____
Gennadiy Naydenskiy (GN5601)
1517 Voorhies Ave, 2nd Fl.
Brooklyn, NY 11235
(718) 808-2224
naydenskiylaw@gmail.com
*Attorney for Plaintiff*

# EXHIBIT A

I am a current or former employee of TLC DIAGNOSTICS, LLC, A-1 HEART MONITORING, LLC, John Larosa, Lilian Noriega, and/or related entities/individuals. I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

I hereby designate Naydenskiy Law Group, P.C. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

Signed this 26 day of May, 2016.

_Eduard Galper_
Signature

EDUARD GALPER
Full Legal Name (print)